UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

STEFAN CHRISTOPHER,

   Plaintiffs,           Case No.
v

CHASE BANK USA, N.A.,

  Defendant.
_____/

   STEFAN CHRISTOPHER ("Plaintiff"), through his attorneys, alleges the following against CHASE BANK USA, N.A. (Defendant):

## INTRODUCTION

   1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55 *et seq*.

## JURISDICTION AND VENUE

   2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1367, 15 U.S.C. § 1692k(d) and 47 U.S.C. § 227.

   3. Defendant conducts business in the State of Florida thereby establishing personal jurisdiction.

   4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) as the acts giving rise to Plaintiff's cause of action occurred in this district as Plaintiff resides in this district and as Defendant transacts business in this district.

## PARTIES

5. Plaintiff is a natural person who resides in Homestead, Miami-Dade County, Florida.

6. Defendant is a business entity with a principal place of business in Wilmington, Delaware.

7. Defendant is a debt collector as that term is defined by Cal. Civ. Code §1788.2(c), and sought to collect a consumer debt from Plaintiff.

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

9. Telephone number ▮▮▮▮▮▮▮▮ is assigned to Plaintiff's cellular telephone ( hereinafter "cell phone").

10. Defendant places telephone calls to Plaintiff's cell phone.

11. These calls are not for emergency purposes.

12. These calls were placed in connection with Defendant's attempts to collect payment(s) on an alleged past due account ("debt").

13. The alleged debt arises from transactions that were primarily for personal, family, and household purposes.

14. Upon information and good faith belief, and in light of the frequency, number, nature, and character of these calls, Defendant placed them by using an automatic telephone dialing system.

15. On or about November 25, 2016, Plaintiff instructed Defendant to stop calling his cell phone.

16. Plaintiff revoked any consent for Defendant to use an automatic telephone dialing system to call his cell phone.

17. Defendant continued to use an automatic telephone dialing system to call Plaintiff's cell phone after November 25, 2016.

18. Since November 25, 2016, Defendant called Plaintiff's cell phone **at least** forty (40) times.

19. Defendant called Plaintiff's cell phone multiple times in a single day.

20. Defendant used an automatic telephone dialing system to place these calls.

21. Defendant placed these calls voluntarily.

22. Defendant placed these calls under its own free will.

23. Defendant had knowledge that it was using an automatic telephone dialing system to place these calls.

24. Defendant willfully used an automatic telephone dialing system to place these calls.

25. As a consequence of these calls, Plaintiff was annoyed and felt harassed by Defendant's calls.

26. Defendant intended for these calls to harass Plaintiff into paying the alleged debt.

## COUNT I
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

27. Defendant's actions alleged *supra* constitute numerous negligent violations of the TCPA, entitling Plaintiff to an award of $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B).

28. Defendant's actions alleged *supra* constitute numerous and multiple knowing and/or willful violates of the TCPA, entitling Plaintiff to an award of $1500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. §

227(b)(3)(C).

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

29. Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B);

30. Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(b) and 47 U.S.C. § (b)(3)(C);

31. All court costs, witness fees and other fees incurred; and

32. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

33. Defendant violated the FDCPA. Defendant's violations include, but are not limited to the following:

   a. Defendant violated § 1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, and/or abuse Plaintiff;

   b. Defendant violated § 1692d(5) of the FDCPA by causing a telephone to ring repeatedly or continuously with intent to annoy, abuse, or harass Plaintiff.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

34. Statutory damages of $1,000.00 pursuant to the FDCPA, 15 U.S.C. 1692k;

35. Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. 1692k; and

36. Any other relief that this court deems to be just and proper.

## COUNT III
## FLORIDA CONSUMER COLLECTION PRACTICES ACT

37. Plaintiff re-alleges and incorporates the foregoing paragraphs herein.

38. Defendant violated the FCCPA based on the following:

   a) Defendant violated § 559.72(7) of the FCCPA by engaging in conduct which can reasonably be expected to abuse or harass Plaintiff.

**WHEREFORE**, Plaintiff respectfully requests judgment be entered against Defendant for the following:

39. Statutory damages pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. § 559.77(2),

40. Costs and reasonable attorneys' fees pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. § 559.77(2),

41. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

By: /s/ Jennifer Espinet-Portell
Jennifer Espinet-Portell, Esq.
JP Law Firm, Inc.
FBN: 97890
14335 SW 120 Street, Suite 207
Miami, FL 33186
Tel: (305) 359-3812
jeportell@jplawfirm.org
Attorney for Plaintiff